**Rachel ROE et al., Plaintiffs,**

v.

**Joseph T. FERGUSON et al.,
Defendants.**

**Civ. A. No. 74–315.**

United States District Court,
S. D. Ohio, E. D.

Oct. 2, 1974.

need for a three-judge court, 28 U.S.C. Section 2281.   See Hagans v. Lavine, *supra*;

Doe v. Rampton, 497 F.2d 1032, 1035 (10th Cir. 1974).

Robert Newman, Linda K. Champlin, Clyde Ellis, Ohio Civil Liberties Union, Columbus, Ohio, for plaintiffs.

William J. Brown, Atty. Gen., Thomas V. Martin, Stephen Ball, Asst. Attys. Gen., Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

On September 16, 1974, this Court granted summary judgment for plaintiffs in this action. The Court held that 42 U.S.C. § 1396a(a)(10)(A), the section of the Social Security Act which sets mandatory guidelines for states having medicaid programs which are funded by the federal government, does not permit the State of Ohio to exclude abortion services from those medical services which are provided welfare recipients under the Ohio program. Appropriate injunctive relief was entered against the defendants, Joseph Ferguson, Auditor of the State of Ohio, and Charles Bates, Director of the Ohio Department of Public Welfare. The matter is again before the Court upon defendant Ferguson's Fed.R.Civ.P. 62(c) motion for a stay of the injunctive order pending appeal.

■ Motions for stays of injunctive orders pending review consistently result in an application of the four-part test enunciated in Virginia Petroleum Jobbers Assn. v. FPC, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). See also Hamlin Testing Laboratories, Inc. v. United States Atomic Energy Commission, 337 F.2d 221, 222 (6th Cir. 1964) and cases cited therein. The following are the elements of the test:

1.  The likelihood that the defendant will prevail on the merits of the appeal,

2.  Irreparable injury to the defendant unless the stay is granted.

3.  No substantial harm to other parties to the litigation, and

4.  No harm to the public interest.

As to the first element of the test, the movant cites Doe v. Wohlgemuth, 376 F.Supp. 173 (W.D.Pa.1974) and Doe v. Rose, 499 F.2d 1112 (10th Cir. 1974) as support for the proposition that "there is a strong possibility that he will be successful on the merits of his appeal." The Court considered both of these cases in the course of reaching the decision announced in the Opinion and Order filed herein. Both the three-judge court in *Wohlgemuth* and the panel of the United States Court of Appeals for the Tenth Circuit in *Rose* treated the statutory question cursorily and then proceeded to reach the constitutional questions. Upon reaching the constitutional grounds, these courts rejected positions similar to that which defendant Ferguson has sought to maintain in this action.

■ Thus, defendant has failed to cite even one case which supports his position

on the merits. Nor has this Court found any such case. If defendant is arguing, by citing these cases, that he has a right to a decision on constitutional as opposed to statutory grounds, he is in error. The Supreme Court's admonition in Hagans v. Lavine, 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974) is clear:

> Given a constitutional question over which the District Court had jurisdiction, it also had jurisdiction over the "statutory" claim . . . . The latter was to be decided first and the former not reached if the statutory claim was dispositive.

See also Doe v. Rampton, 497 F.2d 1032, 1036 (10th Cir. 1974).

As to the statutory resolution which this Court reached in its Opinion and Order, the Court is convinced that its decision, which is supported by Roe v. Norton, 380 F.Supp. 726 (D.Conn.1974), is correct. In resolving the first element of the *Virginia Petroleum* test, the Court finds itself in the position of weighing the possibility of its own error. As one text writer observes of the trial judge in this next context, "[i]t is perhaps unusual that he would come to the conclusion that the appellant is likely to prevail on appeal." 7 Moore, Federal Practice, ¶ 62.05 at 25. Recognizing this anomaly, and notwithstanding the two cases cited by the defendant, I am of the opinion that it is not likely that he will prevail on the merits of the appeal.

■ The second and third elements of *Virginia Petroleum* test are best considered together in this case. The movant argues as follows:

> Funds expended for elective abortions are funds which otherwise would have been available to provide medical services for other recipients which are necessary for their mental or physical health. The injury to these recipients if they are denied such services would clearly be irreparable.

. . . . . . . . . . .

[Of the interests of the various plaintiffs involved herein,] the interests of the pregnant welfare recipients are the only ones which merit any real consideration. If we assume that they are unable to find a physician to perform the abortion without a guarantee of payment and also assume that they cannot obtain the necessary funds from nonpublic sources they would have to bear a child against their will. This would clearly constitute injury. Defendant submits, however, that such an injury is far outweighed by the injury to other recipients who may be denied medical services which are necessary for their mental or physical health.

Thus, the defendant asserts that the federal-state medicaid monies available to Ohio are insufficient to pay both the necessary pregnancy services and the other necessary medical services of Ohio welfare recipients. Defendant made the same assertion at an earlier stage of the proceedings in this case, but he has introduced no evidence in support of the proposition. The Court in Doe v. Rose, 499 F.2d 1112, 1117 (10th Cir. 1974) considered the fiscal interest of the state:

> Certainly the denial of medical assistance does not serve the State's fiscal interest, since the consequence is that the indigent may then apply for pre-natal, obstetrical and post-partum care and for pre-natal support for the unborn child.

The court in Doe v. Wohlgemuth, 376 F.Supp. 173, 187 (W.D.Pa.1974), the other case relied upon by defendant, arrived at the same conclusion:

> Certainly, no such fiscal interest [as was found in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed. 2d 491 (1970)] can be promoted in the instant case where it is obvious that the cost of an abortion may well be far less than the cost of prenatal care, childbirth, and post partum treatment. Yet the State will pay the latter costs for any Medical Assistance recipient who does not elect abortion.

# 396

On the state of the record, I cannot conclude that a stay of this Court's order would promote the fiscal interests of the State of Ohio.

 The Supreme Court has addressed the question of the injury of the pregnant woman who is forced to carry a child to term against her will:

> Maternity, or additional offspring, may force upon a woman a distressful life and future. Psychological harm may be imminent. Mental and physical health may be taxed by child care. There is also the distress, for all concerned, associated with the unwanted child, and there is the problem of bringing a child into a family already unable, psychologically or otherwise, to care for it. In other cases . . . the additional difficulties and continuing stigma of unwed motherhood may be involved.

Roe v. Wade, 410 U.S. 113, 153, 93 S.Ct. 705, 727, 35 L.Ed.2d 147 (1973). This Court can only conclude, in light of this language, that a stay of the injunctive order would result in irreparable injury to plaintiffs. This injury is in no way counterbalanced by defendant's arguments relating to the state's fiscal interests.

As to the fourth element of the *Virginia Petroleum* test, the public interest served by the medicaid program is the funding of necessary medical services for those persons who cannot afford such services without public assistance. A stay of the injunctive order in this case would only delay the implementation of this public policy.

The Court does not lightly deny motions for stays of its orders pending appeal. The weight of the law applicable to this case and the relative seriousness of the injuries which the parties stand to incur should a stay issue require that the motion be denied.

It is so ordered.