Portia WILLIAMS, Plaintiff,

v.

The RED BANK BOARD OF EDUCATION, Joan D. Abrams, Individually and as Superintendent of the Red Bank School District, Catherine Cadman, Individually and in her official capacity, Richard T. Doherty, Individually and in his official capacity, Michael S. Ellegood, Individually and in his official capacity, Frances H. Kingle, Individually and in her official capacity, Ronald D. Sachs, Individually and in his official capacity, Marcelle Seruby, Individually and in her official capacity, Dorothy Setaro, Individually and in her official capacity, Stephen M. Popper, Individually and in his official capacity, Fred G. Burke, Commissioner of Education of the State of New Jersey, in his official capacity, Defendants.

Civ. A. No. 80–2176.

United States District Court,
D. New Jersey.

March 2, 1981.

Arnold M. Mellk, William A. Fead, Greenberg & Mellk, Trenton, N. J., for plaintiff.

Jaynee LaVecchia, Deputy Atty. Gen. of N. J., Trenton, N. J., for defendants Bd. of Ed. and Commissioner Burke.

William J. Prout, Jr., Lum, Biunno & Tompkins, Newark, N. J., for all other defendants with the exception of defendant Seruby.

## OPINION

DEBEVOISE, District Judge.

This opinion concerns plaintiff's motion for an injunction staying state administrative proceedings pending resolution of an appeal from a judgment of this Court dismissing plaintiff's complaint on abstention grounds.

Plaintiff Portia Williams, a tenured elementary school teacher, brought suit under 42 U.S.C. § 1983 against the Red Bank, New Jersey Board of Education [the Board], various Red Bank School District officials and the Commissioner of Education of the State of New Jersey charging that the Board had instituted tenure termination proceedings against her in retaliation for her exercise of protected First Amendment rights. As relief plaintiff sought a declaratory judgment that the Board's prosecution of the charges constituted a violation of the First Amendment, an injunction against further state proceedings, an order that the Board withdraw all reference to the charges from her records, and compensatory and punitive damages. In an opinion dated January 5, 1981, and reported at 502 F.Supp. 1366, this court abstained under the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) in deference to the pending state administrative proceedings.

The tenure termination proceedings in this case are governed by N.J.S.A. 18A:6–1 *et seq.* ("Provisions Relating to Educational Institutions and System"), N.J.S.A. 52:14B–1 *et seq.* ("Administrative Practice and Procedure") and N.J.S.A. 52:14F–1 *et seq.* ("Office of Administrative Law"). Written charges were preferred against plaintiff in May, 1980 by defendant Joan D. Abrams, superintendent of the Red Bank School District and filed, along with a written statement of evidence, with the Red Bank Board of Education. *See* N.J.S.A. 18A:6–11. The Board provided plaintiff with notice of the charges and the evidence and plaintiff filed a statement of position on May 27, 1980. The Board then considered the charges and, by resolution of June 3, 1980, determined that probable cause existed to credit the evidence in support of the charges and that the charges warranted dismissal or reduction of salary. In accordance with N.J.S.A. 18A:6–11, the charges were certified and forwarded to the Commissioner for a hearing pursuant to N.J.S.A. 18A:6–16. The Board also voted to suspend plaintiff with pay pending a final determination by the Commissioner. The Commissioner has assigned the tenure charges to the Office of Administrative Law for a plenary hearing and a recommended report and decision. *See* N.J.S.A. 52:14B–9, 10 and N.J.S.A. 52:14F–5(n). The Administrative Law Judge has scheduled a hearing for March 16, 17, 18, 19 and 20, 1981.

Plaintiff has appealed this court's dismissal of her action and now seeks an injunction pursuant to Rule 8(a) of the *Federal Rules of Appellate Procedure* and Rule 62(c) of the *Federal Rules of Civil Procedure* staying the state administrative proceedings pending resolution of the appeal. Rule 62(c) provides that:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Appellate Rule 8(a) requires that application "for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance to the district court." The court clearly has jurisdiction to grant the relief requested. *Ray Marshall v. Berwick Forge and Fabricating Co.*, 474 F.Supp. 104, 108 (M.D.Pa.1979).

The factors to be considered in determining whether to grant an injunction pending appeal are substantially the same as those governing the issuance of preliminary injunctions prior to trial on the merits. The moving party must show (1) some likelihood of success on appeal, (2) that he will be irreparably injured unless the injunction is granted, (3) that other interested persons will not be substantially harmed by an injunction, and (4) that the public interest is not disserved by an injunction. *Walker v. O'Bannon*, 487 F.Supp. 1151 (W.D.Pa.1980); *St. Claire v. Cuyler*, 482 F.Supp. 257 (E.D. Pa.1979); *Rennie v. Klein*, 481 F.Supp. 552 (D.N.J.1979); *cf. Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811 (3d Cir. 1978).

Plaintiff and defendants differ as to the appropriate standard to apply in determining whether a sufficient likelihood of success on appeal is made out. Defendants argue that the moving party must demonstrate a "substantial likelihood" of prevailing on the appeal in addition to satisfying the remaining three factors. *See, e. g., U. S. v. Manchel, Lundy and Lessin*, 477 F.Supp. 326 (E.D.Pa.1979). Plaintiff points out the incongruity of asking a district judge to make a determination that his earlier decision will probably be reversed and argues for a more flexible standard. It is plaintiff's position that a lesser showing of likelihood of success on appeal should be required where the balance of hardships tips strongly in favor of the moving party. Thus, the Court of Appeals for the District of Columbia has held that "an order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested parties or the public and when denial of the order would inflict irreparable injury on the movant ... whether or not movant has shown a mathematical probability of success." *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C.Cir.1977); *see also Walker v. O'Bannon, supra* at 1161. The Third Circuit has recently held that a preliminary injunction might be appropriate "where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party ... 'even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required.'" *Constructors Association of Western Pennsylvania v. Kreps, supra* at 815. The same reasoning applies to the issuance of an injunction pursuant to Rule 62(c) and will be applied here.

In light of the Third Circuit's very recent decision in *Garden State Bar Association v. Middlesex County Ethics Committee*, 643 F.2d 119 (3d Cir., 1981), decided after the decision on the merits in the present case, there can be no question that plaintiff's appeal presents serious and difficult legal issues on which there is a substantial possibility that she will prevail. In *Garden State*, a New Jersey attorney against whom state bar disciplinary charges had been lodged for making comments to the press during the jury selection phase of a criminal trial brought suit in federal court to enjoin the disciplinary proceedings on First Amendment grounds.

The district court abstained under *Younger v. Harris* in deference to the pending state proceedings and the Court of Appeals, with a majority opinion, a concurring opinion, and a dissent, reversed. The opinion of the Court of Appeals clearly indicates that the question whether a federal court should defer to ongoing state administrative proceedings, not having been resolved by the United States Supreme Court, is one which will be subjected to close scrutiny in future cases.

Judge Sloviter, writing for the majority in *Garden State*, began her analysis by noting that "all of the Supreme Court cases which have held that *Younger* abstention was warranted were cases in which the state proceedings sought to be enjoined were judicial proceedings, not administrative proceedings". At 127. She acknowledged that the Supreme Court, in *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), stated that "administrative proceedings looking toward the revocation of a license to practice medicine may in proper circumstances command the respect due court proceedings". She found it unnecessary, however, to "attempt to delineate the 'proper circumstances' in which deference may be due state proceedings, because such deference would, in any event, only be accorded to administrative adjudicative proceedings". At 128. The disciplinary proceedings which were pending at the time plaintiff filed his federal suit, she held, "cannot be classified as adjudicatory because they are limited to fact-finding, they are conducted by committees including members of no special legal competence, and they cannot result in the imposition of any discipline." Consequently, she concluded, the district court improperly abstained from exercising its jurisdiction over the action. Judge Adams, concurring, emphasized that whether or not the state bar disciplinary proceedings could be divided into discrete phases, the district court should not have abstained because the accused attorney was not provided with an opportunity for a *timely* adjudication of his federal claims by a competent state tribunal.

The Third Circuit's opinion in *Garden State* highlights the novelty of the question whether, and in what circumstances, the *Younger* doctrine counsels federal court abstention in deference to pending state administrative proceedings. "When the existing Supreme Court precedent does not clearly require the federal courts to abstain," the Court observed, "we are reluctant to extend the abstention doctrine to deprive plaintiffs of their option of using the federal forum." At 129. *See New Jersey Education Association v. Burke*, 579 F.2d 764, 771 (3d Cir.), *cert. denied*, 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 239 (1978); *Johnson v. Kelly*, 583 F.2d 1242, 1249–50 (3d Cir. 1978). Because the appeal which plaintiff has taken from this court's judgment raises issues similar to those in *Garden State*, there is a substantial possibility that she will prevail.

Nevertheless, I believe that there are significant distinctions between this case and *Garden State* and that the principles articulated by Judge Sloviter weigh in favor of abstention on the facts presented here. The determination of the Court of Appeals that abstention was improper in *Garden State* depended upon its analysis of New Jersey's bar disciplinary proceedings. These proceedings, the Court expressly noted, are *sui generis*. At 128. Whether abstention is appropriate in this case depends upon an analysis of New Jersey's scheme for tenure termination proceedings.

The tenure termination process begins with the filing of written charges and a written statement of evidence with a local board of education. The board is then required to notify the accused teacher of the charges "forthwith" and, after providing the teacher with an opportunity to submit a written statement of position and evidence opposing them, to "determine by majority vote of its full membership whether there is probable cause to credit the evidence in support of the charge and whether such charge, if credited, is sufficient to warrant a dismissal or reduction of salary." If it finds that the charges are warranted, the

board must notify the teacher "forthwith" and forward the written charges to the Commissioner of Education for a hearing. N.J.S.A. 18A:6–11. .

The Commissioner or a "person appointed to act in his behalf in the proceedings" is authorized, upon receipt of the charge and certification, to dismiss the charges if he believes they are insufficient to warrant dismissal or reduction in salary. "If, however, he shall determine that such charge is sufficient to warrant dismissal or reduction in salary of the person charged, he shall conduct a hearing thereon within a 60-day period after the receipt thereof upon reasonable notice to all parties in interest." N.J.S.A. 18A:6–16.

New Jersey has recently provided by statute an Office of Administrative Law designed to create a staff of independent and professional administrative law judges to preside over proceedings in contested agency cases in which notice and a hearing is required under the State Administrative Procedure Act. N.J.S.A. 52:14F–5(n). The procedures for conducting contested hearings are outlined in Sections 9 and 10 of the Administrative Procedure Act, N.J.S.A. 52:14B–9 & 10. Section 10(c) requires all contested agency hearings to be conducted by an administrative law judge. After a hearing has been held, the administrative law judge is required to file with the agency within 45 days a "recommended report and decision which contains recommended findings of fact and conclusions of law and which shall be based upon sufficient, competent, and credible evidence . . . in such form that it may be adopted as the decision in the case." After the parties have been provided an opportunity to file "exceptions, objections, and replies" to the recommended decision and to make oral or written argument, the agency head "upon a review of the record submitted by the administrative law judge, shall adopt, reject or modify the recommended report and decision no later than 45 days after receipt of such recommendation." For good cause shown, the specified time limitations may be extended. N.J.S.A. 52:14B–10(c). A final decision adverse to a party in a contested case is required to be "in writing or stated in the record." A final decision must "include findings of fact and conclusions of law, separately stated and shall be based upon the evidence of record at the hearing." N.J.S.A. 52:14B–10(d). From an adverse determination of the Commissioner, an aggrieved party has a right of appeal to the New Jersey Department of Education, N.J.S.A. 18A:6–27 or to the Superior Court of New Jersey, Appellate Division, *New Jersey Court Rules* 2:2–3(a).

Plaintiff clearly commenced her federal law suit after an adjudicatory phase of the administrative proceedings had commenced. On June 3, 1980 the Red Bank Board of Education determined on the basis of evidence submitted by both plaintiff and her accuser, Joan D. Abrams, that probable cause existed to dismiss her or reduce her salary. The charges were forwarded to the Commissioner and plaintiff was suspended with pay. Plaintiff filed her federal action on July 14, 1980.

The proceedings before the administrative law judge are not limited to fact-finding and can result in the imposition of discipline. The administrative law judge is explicitly required to make recommended findings of fact and of law. Nothing in the Administrative Procedure Act prohibits an administrative law judge from determining constitutional questions as part of his legal decision and indeed it is obvious that he must do so in order to fulfill his assigned function. Ordinarily a decision recommended by an administrative law judge is presented to the agency head for his adoption, modification or disapproval. If the agency head fails to modify or reject the decision of the administrative law judge within forty-five (45) days, however, and an extension of time is not granted, "the decision of the administrative law judge shall be deemed adopted as the final decision of the head of the agency." N.J.S.A. 52:14B–10(c). Once an adverse decision becomes the final decision of the agency, the accused teacher is subject to the imposition of discipline. The administrative proceedings which were pending in the present case

when the federal action was filed cannot be characterized, as were the proceedings in *Garden State*, as the analog of the pre-indictment stages of a criminal action.

The opinion of the Court of Appeals in *Garden State* also suggested that abstention may not be appropriate where the administrative tribunal before which state proceedings are pending is not competent to determine constitutional issues. Specifically, Judge Sloviter observed that the composition of the state bar's Ethics Committee "which includes non-lawyers, clearly indicates it is not designed or intended to deal with constitutional rulings which often require substantial legal background and the ability to make subtle legal differentiations." At 126. It is true that New Jersey administrative law judges are not required by statute to be lawyers. N.J. S.A. 52:14F–5(*1*) provides that:

> Administrative law judges shall be attorneys-at-law of this State, or any persons who are not attorneys-at-law, but who, in the judgment of the Governor or the director are qualified in the field of administrative law, administrative hearings and proceedings in subject matter relating to the hearing functions of a particular agency.

The administrative law judges are required by statute, however, to base their decisions upon any law that is applicable to the case, be it state law or federal law. There is no reason to believe that plaintiff, who is entitled to full legal representation at the administrative hearings and has an opportunity to submit written briefs and arguments of law, will not be able "to raise and have timely decided by a competent state tribunal the federal issues involved". At 123, *quoting Gibson v. Berryhill, supra,* at 577.

While plaintiff's appeal certainly presents to the Court of Appeals novel, difficult and important questions relating to the scope of the *Younger* doctrine, I do not believe that she has made a showing of a substantial probability of success on appeal, the Third Circuit's decision in *Garden State* notwithstanding. It is necessary, therefore, to turn

to the remaining prerequisites for injunctive relief under Rule 62(c) to determine whether a stay of the state administrative proceedings should be granted.

Plaintiff argues that if a stay is not granted and if the Court of Appeals reverses this Court's decision to abstain under the *Younger* doctrine she will be irreparably harmed because the federal questions will already have been decided by the state administrative body, the principles of *res judicata* may be applied to preclude further litigation of her claims in the federal court, and she will therefore have been deprived of a federal forum to which she was entitled in the first instance. I disagree.

There is no doubt that by the time an appeal is heard, plaintiff's federal claims will already have been determined by the administrative law judge if she chooses to raise them in the state forum. It is also clear that the principles of *res judicata* apply with full force to actions brought under Section 1983. *Allen v. McCurry,* —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "[N]othing in the language or legislative history of § 1983," the Supreme Court held in *Allen v. McCurry,* "proves any congressional intent to deny binding effect to a state court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights." *Id.,* —— U.S. at ——, 101 S.Ct. at 419–420. From this, however, it does not follow that plaintiff will be irreparably harmed. If she is granted a "full and fair" opportunity to litigate her federal claims in the state proceedings, then she will not be substantially harmed. The Supreme Court has consistently emphasized that the state courts, in the exercise of their concurrent jurisdiction, are just as capable of determining federal issues as their federal counterparts, and no presumption will be maintained to the contrary. *See Stone v. Powell,* 428 U.S. 465, 493–94, 96 S.Ct. 3037, 3051–3052, 49 L.Ed.2d 1067 (1976); *see also Allen v. McCurry, supra* —— U.S. at ——, 101 S.Ct. at 420. If, on

the other hand, plaintiff does not receive a full and fair hearing at the hands of the state with an opportunity to fully litigate her federal claims, she will not, by definition, be precluded by the doctrine of *res judicata*.

Plaintiff suggests that if the administrative proceedings are permitted to take place as planned, plaintiff's appeal before the Third Circuit may become moot. The Third Circuit Court of Appeals was presented with a case in substantially the same posture, however, in *New Jersey Education Association v. Burke*, 579 F.2d 764 (3d Cir. 1978) and proceeded to the merits of the abstention issue without any concern for mootness. In view of the conditional nature of the doctrine of *res judicata* a live case or controversy will remain, even after the administrative hearings have been held, sufficient to defeat an attack on mootness grounds.

Plaintiff has also suggested the possibility of waiving consideration of her federal claims by the state courts and preserving her option to proceed on the federal claims in the federal court in an *England*-type fashion. *See England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Such a tactic, albeit endorsed by Judge Adams in *New Jersey Education Association v. Burke, supra* at 772–774, would appear to be not only unnecessary but also quite dangerous. If the Court of Appeals affirms my decision on appeal it is not at all clear that plaintiff's waiver will provide her with an effective or a timely opportunity to proceed on her constitutional claims before a federal forum. *See Allen v. McCurry, supra* at —— n.10, 101 S.Ct. at 416, n.10. ("A very few courts have suggested that the normal rules of claim preclusion should not apply in § 1983 suits in one peculiar circumstance: Where a § 1983 plaintiff seeks to litigate in federal court a federal issue which he could have raised but did not raise in an earlier state court suit against the same adverse party ... These cases present a narrow question not now before us, and we intimate no view as to whether they were correctly decided.") Clearly, however,

plaintiff is in no way constrained to take this risky course.

Turning to the interest of the public, which must also be considered in determining whether to grant plaintiff's motion for an injunction staying the state administrative proceedings pending resolution of the appeal, I conclude that the public has an interest in permitting the state proceedings to go forward. The doctrine of abstention recognizes that the state has a strong interest in pursuing certain kinds of legal actions and that if a federal plaintiff's rights can be adequately protected in those actions they should be allowed to proceed. If the federal courts were not to abstain in a case such as this it would not be at all surprising to find that in state and municipal disciplinary proceedings of every sort a violation of federal rights would be alleged and relief sought in the federal courts to the preclusion of the state bodies established to hear such matters. This would disrupt sound administration not only of schools but of other state and municipal agencies and would not be in the public interest. Since granting an injunction now would have the same consequences as declining to abstain, I conclude that granting plaintiff's motion would not be in the public interest.

In sum, plaintiff has failed to show the necessary degree of irreparable harm which would be necessary to justify the issuance of an interim injunction pending a decision by the Court of Appeals in this matter. The interests of other parties to this proceeding and of the public as a whole would be adversely affected by a stay of the state administrative proceedings.

For the foregoing reasons, plaintiff's motion for an injunction staying the state administrative proceedings before the Commissioner of Education of the State of New Jersey will be denied.