**ACCIDENT FUND, a Legal Entity Authorized by the Michigan Legislature Pursuant to 1912 PA10 (First Extra Session) Part V, Sec. 1; 1915 CL 5477, Ward Ellison and Max Grost, individually, Elston-Richards Storage Company and Russell Jameson, individually, Plaintiffs,**

v.

**Nancy A. BAERWALDT, Commissioner of Insurance of the State of Michigan; Silveria O. Kanoyton, Personnel Director of the State of Michigan; John Heueni, Director of the Department of Licensing and Regulation of the State of Michigan; Loren Monroe, Treasurer of the State of Michigan; Gerald Miller, Director of Management and Budget of the State of Michigan, and Michigan Civil Service Commission, Defendants.**

No. G 81–224.

United States District Court, W.D. Michigan, S.D.

Jan. 24, 1984.

Theodore Swift, David C. Coey, Frank J. Nerat, Jr., Lansing, Mich., for plaintiffs.

Harry G. Iwasko, Jr., Philip J. Smith, Robert Ianni, Asst. Attys. Gen., Lansing, Mich., for defendants.

## OPINION ON PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

ENSLEN, District Judge.

This action involves a Complaint by Plaintiffs for injunctive and declaratory relief against the alleged deprivation, under color of state law, of their rights, privileges, and immunities under the United States Constitution and federal statutes. Pivotal to a resolution of these claims is the issue of whether Plaintiff Accident Fund is an agency or instrumentality of the State of

Michigan. Believing this dispute to be one which should be resolved in the state courts, I have exercised my discretion and dismissed Plaintiffs' case on grounds of abstention,[1] relying on both the *Pullman*[2] and *Burford*[3] doctrines. Before the Court is Plaintiffs' Motion for an Injunction Pending Appeal, brought pursuant to Federal Rules of Civil Procedure (FRCP) 62(c).

FRCP 62(c) provides, in part:

Injunction Pending Appeal. When an appeal is taken from [a] ... final judgment ... denying an injunction, the court in its discretion may ... grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

This rule recognizes the power inherent in this Court to preserve the status quo pending final resolution of this dispute where, in its sound discretion, the Court concludes that the circumstances so justify. *See* 7 Moore's *Federal Practice* 2D, ¶ 62.05 (1983); 11 Wright & Miller, *Federal Practice and Procedure: Civil*, § 2904 (1971).

To obtain the extraordinary relief provided for in Rule 62(c), the moving party carries the burden of satisfying a well recognized four-part test. The standard is stated in *United States v. State of Michigan*, 505 F.Supp. 467 (W.D.Mich.1980) as follows:

(1) Has the petitioner made a strong showing that it is likely to prevail in the merits of the appeal? (2) Has the petitioner shown that without such relief, it will be irreparably injured? (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? (4) Where lies the public interest? (Paraphrasing *Virginia Petroleum Jobbers Association v. F.P.C.*, 259 F.2d 921 (D.C.Cir.1968).)

*Accord, Oliver v. Kalamazoo Board of Education*, 548 F.Supp. 646, 647 (WD

Mich.1982); *Roe v. Ferguson*, 389 F.Supp. 393 (S.D.Ohio 1974). *See also, City of Highland Park v. Train*, 374 F.Supp. 758 (ND Ill.1974), *aff'd*, 519 F.2d 681 (CA 7 1975), *cert. den.*, 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976); *Washington Metropolitan Area, etc. v. Holiday Tours*, 559 F.2d 841 (DC.1977); 11 Wright & Miller, *supra*.

For the following reasons, I find Plaintiffs have failed to demonstrate a sufficient basis to warrant the issuance of an injunction pending appeal.

### *Likelihood of Success*

The parties disagree as to the strength of the showing of "likelihood of success" necessary to obtain relief under Rule 62(c). Defendants contend that Plaintiffs must demonstrate a strong likelihood that they will prevail on the merits of the appeal; while Plaintiffs argue that a lesser showing is sufficient.

It appears that the Sixth Circuit has never squarely addressed this issue. Nevertheless, since it is generally recognized that the criteria used in deciding whether to grant a Rule 62(c) injunction pending appeal and a preliminary injunction before trial are much the same, *see Evans v. Buchanan*, 455 F.Supp. 715, 720 fn. 23 (D.Del. 1978); *Collin v. O'Malley*, 452 F.Supp. 577, 579 (ND.Ill.1978), this Court is not without guidance from the appellate court.

The first criterion for the grant of a preliminary injunction, as stated by the Sixth Circuit in *Mason County Medical Association v. Knebel*, 563 F.2d 256, 261 (CA.6 1977), is nearly identical to that cited for the grant of an injunction under Rule 62(c); i.e., whether Plaintiffs have shown a "strong or substantial likelihood or probability of success on the merits." *See also Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100 (CA.6 1982).

---

**1.** A lengthy Opinion explaining the rationale for my decision to abstain was delivered from the Bench on January 9, 1984. A Judgment Order dismissing Plaintiffs' case in accordance with that Opinion was entered January 24, 1984.

**2.** *Railroad Commission v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

**3.** *Burford v. Sun Oil Company*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

However, the Sixth Circuit has not been inflexible in its evaluation of the likelihood of success factor.

In *SEC v. Senex Corporation*, 534 F.2d 1240, 1241 (CA.6 1976), a decision later criticized by the *Mason County* panel, the court referred to their being a "substantial question" at issue on which there was a "possibility of success" on the merits. Other Sixth Circuit panels have recognized the Second Circuit's "balance of hardships" test, which allows for the issuance of a preliminary injunction if the other three elements are present (thus the "balance of hardships tips decidedly toward" the movant), and the movant has raised questions "so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." *Hamilton Watch Company v. Benrus Watch Company*, 206 F.2d 738, 740 (CA.2 1953). *See e.g., Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (CA.6 1978), *cert. dism'd*, 442 U.S. 925, 99 S.Ct. 2852, 61 L.Ed.2d 292 (1979); *Hart v. Ferris State College*, 557 F.Supp. 1379 (WD.Mich.1983).

The apparent inconsistency among the panels of this Circuit was recently addressed by the Court in *Roth, supra* at 537–538, quoting with approval a district court decision in *Metropolitan Detroit Plumbing & Mechanical Contractors Association v. HEW*, 418 F.Supp. 585, 586 (ED.Mich.1976):

> This apparent disparity in the wording of the standard merely reflects the circumstance that no single factor is determinative as to the appropriateness of equitable relief. In addition to assessing the likelihood of success on the merits, the court must consider the irreparability of any harm to the plaintiff, the balance of injury as between the parties, and the impact of the ruling on the public interest. In general, the likelihood of success that need be shown will vary inversely with the degree of injury the plaintiff will suffer absent an injunction ... It thus appears that the precise wording of the standard for the likelihood of success on the merits is not as important as a realistic appraisal of all the traditional factors weighed by a court of equity. A balancing is required, and not the mechanical application of a certain form of words.

It is with these principles and standards in mind that I have considered the merits of Plaintiffs' appeal of my decision to abstain.[4]

For the reasons stated at length in my Bench Opinion of January 9, 1984, I believe the decision to abstain was proper under both the *Pullman* and *Burford* doctrines. That this was a discretionary decision on my part, which will be reviewed by the Court of Appeals only for an abuse thereof, serves to strengthen my conviction that the decision will be affirmed. Plaintiffs have presented me with no new issues or arguments which I had not considered when making my ruling, nor have they brought to the Court's attention any factual inadequacy upon which the Court relied. The law regarding the discretionary power of abstention is settled and unambiguous. This precedent supports its exercise in this

---

4. Courts in other jurisdictions have also formulated standards of varying degrees. *See e.g., Evans v. Buchanan*, 455 F.Supp. 715, 721 (D Del 1978) ("whether the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear"); *Washington Metropolitan Area, etc. v. Holiday Tours*, 559 F.2d 841 (CA DC 1977) ("serious legal questions"; "substantial case on the merits"); *Sweeney v. Bond*, 519 F.Supp. 124, 132 (ED Mo 1981), *aff'd*, 669 F.2d 542 (CA 8 1982), *cert. den.*, 459 U.S. 878, 103 S.Ct. 174, 74 L.Ed.2d 143 (substantial legal question of first impression); *Hayes v. City University of New York*, 503 F.Supp. 946, 963 (SD NY 1981), *aff'd*, 648 F.2d 110 (CA 2 1981) ("substantial possibility, although less than a likelihood, of success"); *Williams v. Red Bank Board of Education*, 508 F.Supp. 989 (D NJ 1981) ("Serious and difficult" legal issues on which there was a "substantial possibility" that plaintiff would prevail found insufficient to justify granting injunction pending appeal.).

Applying these standards to the instant case does not alter my conclusion that Plaintiffs have failed to make the requisite showing regarding success on the merits of the appeal.

case.[5] Defendants, in their brief in opposition to Plaintiffs' motion, agree that abstention was proper. While recognizing my fallibility, I nonetheless conclude that Plaintiffs have not satisfied even the least rigorous of the standards for meeting this first criterion necessary for relief under Rule 62(c).[6]

Nevertheless, because a strong showing on the other prerequisites for application of Rule 62(c) could possibly balance the equities in favor of interim relief for Plaintiffs regardless of the lack of showing on the first factor, a discussion of the remaining prerequisites is appropriate. *Roth, supra; Washington Metropolitan Area, supra; Ruiz v. Estelle,* 666 F.2d 854 (CA.5 1982), *cert. den.,* — U.S. ——, 103 S.Ct. 1438, 75 L.Ed.2d 795.

### Irreparable Injury

Addressing the second prong of the Rule 62(c) standard, Plaintiffs contend that without an injunction pending appeal, Defendants will "take over" the Accident Fund prior to a decision by the Sixth Circuit, thereby causing them irreparable injury. Specifically, Plaintiffs express concern that Defendants will act to integrate the Fund and its employees into the state civil service, retirement and budget systems; that their outside counsel will be "fired"; that the Commissioner of Insurance will assume

management powers; and that, once this is accomplished, there can never be a return to the status quo. The net effect, Plaintiffs argue, will be to deny them the right to appeal this Court's abstention ruling.

While I recognize that denial of an injunction pending appeal may cause Plaintiffs inconvenience and discomfort, I am unable to agree that such a ruling will cause them irreparable injury. It is certainly possible that Defendants intend to exercise whatever management authority is expressly granted to the Commissioner of Insurance by statute. However, this exercise of authority will occur regardless of the final judicial determination as to the state agency status of the Accident Fund. Unless repealed or amended by the Michigan Legislature, the Commissioner will possess the statutory authority she currently enjoys. There can be no irreparable injury to Plaintiffs by the exercise of statutory authority which will ultimately be exercised regardless of the outcome of their lawsuit.

Assuming Plaintiffs other fears to be valid, it is obvious that such actions by Defendants would be disruptive and would cause inconvenience in reverting back to their present system of operation should Plaintiffs ultimately prevail on the merits of their claims. Nevertheless, I find no

**5.** Subsequent to the drafting of this Opinion, a new United States Supreme Court Opinion was drawn to the attention of the Court. *Pennhurst State School & Hospital v. Halderman,* — U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Although I am without the full text of the Opinion, it appears that the Supreme Court held, based upon the Eleventh Amendment, that a district court is without authority to order state officials to conform their conduct to state law (the 1966 Pennsylvania Mentally Handicapped & Mentally Retarded Act). That enforcement of such an order would be ineffective was an important factor in the Court's decision.

Although the case involved the Eleventh Amendment and a pendent claim against state officials, the spirit of nonintervention embraced by the Supreme Court may lend support on appeal to this Court's decision to abstain, and in fact may raise questions regarding this Court's jurisdiction to consider this case. The instant

matter involves, in effect, allegations that state officials have not complied with state law (as it has been construed for 71 years); the same issues involved in *Pennhurst.* As stated by Justice Powell for the majority: "It is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.... Such a result conflicts directly with the principles of federalism that underlie the 11th Amendment." It may well be that the same reasoning is applicable herein.

**6.** Since I do not believe Plaintiffs have met even the least rigorous of the Sixth Circuit standards for demonstrating the likelihood of success on the merits (which I have here applied in the context of the Rule 62(c) motion for injunction pending appeal), it is unnecessary for me to make any final determination as to the degree of certainty of success which must be shown.

basis for Plaintiffs' assertion that a return to the status quo could not be accomplished, and any temporary inconvenience in so doing does not rise to the level of irreparable injury. Plaintiffs' attorneys have consistently been informed that they are not authorized to represent Plaintiffs, and that they will not be compensated for their efforts. Denial of an injunction pending appeal will not worsen this situation. Appeal from the abstention decision will be immediate; preparation no doubt already well underway. I cannot agree that this appeal will be frustrated by my present ruling.

An important consideration, apparently overlooked by Plaintiffs, is their freedom to seek injunctive relief in the state courts; a course of action clearly contemplated by the *Pullman* and *Burford* abstention doctrines. Denial of Plaintiffs' motion will not leave them without a forum for injunctive relief. Indeed, since I believe Plaintiffs will ultimately be proceeding on the merits of their claims in the state tribunals, seeking interim relief in that forum, at this time, would seem prudent. The availability of this alternate course of action strengthens my conclusion that denial of injunctive relief will cause Plaintiffs no irreparable injury.

### The Public Interest and Substantial Harm to Other Interested Parties

This lawsuit involves issues of interest to the insurance industry of the State of Michigan, particularly in the area of workers' compensation insurance, and in fact the entire population of the state. Because this is a matter of great public concern, and because Defendants are officials of the State of Michigan, these last two prerequisites to the grant of interim injunctive relief will be considered together.

That Defendants, and indeed the entire workers' compensation insurance industry in the state, would be substantially harmed by the injunction sought by Plaintiffs is obvious. To grant an injunction preventing the Commissioner of Insurance from effectively exercising the authority expressly granted her by statute is detrimental to Defendants and to the general public.

Even more compelling is the fact that the impetus for the instant motion was my decision to abstain from consideration of this case. Principles of comity weighed heavily in the decision not to interfere with the state's administration of its own affairs. To now grant Plaintiffs an injunction would be a most egregious interference; an interference which would be harmful to Defendants and contrary to the public interest. The courts of the State of Michigan should resolve the underlying dispute herein. Those same courts are the proper forum for considering any injunctive relief to which Plaintiffs believe they are entitled.

### Conclusion

Having considered the arguments proffered by Plaintiffs, and having balanced the equities involved, I do not believe invocation of the extraordinary remedy provided for in Rule 62(c) is appropriate. Therefore, Plaintiffs' Motion for an Injunction Pending Appeal of the Judgment Order of Dismissal on grounds of abstention entered January 24, 1984, is denied.

For the same reasons compelling me to deny Plaintiffs' Rule 62(c) motion, I decline their alternate request for a 60-day stay so that they may seek injunctive relief from the Sixth Circuit.