**UNITED STATES of America, et al., Plaintiffs,**

v.

**CITY BANK, et al., Defendants.**

No. C81–1184.

United States District Court,
N. D. Ohio, E. D.

Sept. 15, 1981.

Steven Toscher, Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff I.R.S.

Michael G. Parham, East Point, Ga., for intervenors Thomas Kerr and Life Science Church.

## MEMORANDUM AND ORDER

KRUPANSKY, District Judge.

This action involves a petition by the Internal Revenue Service (IRS) to enforce an Internal Revenue Summons issued on City Bank (NKA AmeriTrust) and William Burchett (Burchett), Controller, under the authority of 26 U.S.C. § 7604. Defendants were requested to testify and produce documents allegedly necessary for the IRS to investigate the tax liability of one Thomas Kerr (Kerr) for the years 1977 (in which Kerr filed a return but reported no tax liability, claiming he had taken a "Vow of Poverty") and 1978 (in which no return was filed). Pursuant to the instructions of Kerr, defendants refused to disclose Kerr's records pursuant to 26 U.S.C. § 7609(d), a section added to the Internal Revenue Code in 1976 which authorizes a custodian of records to stay compliance with an IRS summons upon written instructions from its customer. The requisite notice having been given, compliance with the IRS summons is stayed "except in accordance with an order issued by a court of competent jurisdiction authorizing examination of such records or with the consent of the person staying compliance." 26 U.S.C. § 7609(d)(2). In accord-

ance with 26 U.S.C. § 7604(a) this Court may order compliance with the IRS summons.

Thomas Kerr and Life Science Church (Church) have moved this Court to intervene. Both possess a statutory right to intervene pursuant to 26 U.S.C. § 7609(b)(1), which is applicable to enforcement of summonses served on banks. *U. S. A. v. Manufacturers Hanover Trust Co.*, 485 F.Supp. 653 (D.C.N.Y.1979). Accordingly, the motions of Kerr and Church to intervene are hereby granted.

■ Both intervenors have moved for a change of venue to the U. S. District Court for the District of Montana, pursuant to 28 U.S.C. § 1404(a) which states in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*

This section does not dispense with the requirement that venue must be proper in the transferee district. *Caleshu v. Wangelin*, 549 F.2d 93 (8th Cir. 1977); *In re Pope*, 580 F.2d 620 (D.C.Cir. 1978); *Schreiber v. Allis-Chalmers Corp.*, 448 F.Supp. 1079 (D.C.Kan. 1978), *rev. on other grounds*, 611 F.2d 790 (10th Cir. 1980). An examination of the pertinent Internal Revenue Code jurisdiction provisions reveals that Montana is not a district "where it (the action) might have been brought". The instant action is governed by 26 U.S.C. § 7402 which is reiterated at § 7604 and which states:

(b) *To enforce summons.*—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

The pertinent "person" *sub judice* is City Bank and Berchett both of whom reside in Ohio. Accordingly, a change of venue under 28 U.S.C. § 1404(a) is improper, and the intervenors' motions for such a change must be and hereby are denied.

■ Kerr has moved to dismiss the instant action charging that the summons is being used in bad faith and for an improper purpose. Alternatively, taxpayer seeks a continuance to conduct discovery. The taxpayer is entitled to an adversary hearing before judicial enforcement of an administrative summons is ordered, and he may challenge the summons on any appropriate ground. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *U. S. v. Harris*, 628 F.2d 875 (5th Cir. 1980); *United States v. Church of Scientology of Calif.*, 520 F.2d 818 (9th Cir. 1975); *United States v. McCarthy*, 514 F.2d 368 (3d Cir. 1975); *United States v. Benford*, 406 F.2d 1192 (7th Cir. 1969). It is proper for a district court to grant enforcement of an IRS summons if it is issued in good faith and prior to a recommendation for criminal prosecution; conversely, if a summons is issued in bad faith or after a recommendation for prosecution, enforcement must be denied. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *United States v. Powell, supra.*

■ Once the Government has presented a *prima facie* case for the enforcement of an IRS summons, the taxpayer has the burden of providing any affirmative issues raised by his defense. *United States v. Church of Scientology of Calif, supra; United States v. McCarthy, supra; United States v. Fisher*, 500 F.2d 683 (3d Cir.), *aff'd*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1974); *United States v. Roundtree*, 420 F.2d 845 (5th Cir. 1969); *U. S. v. Wyatt*, 637 F.2d 293 (5th Cir. 1981). Thus, the taxpayer bears the burden of disproving "the actual existence of a valid civil tax determination or collection purpose by the Service." *United States v. LaSalle Nat'l Bank, supra*, 98 S.Ct. at 2367.

■ An IRS *prima facie* case of summons enforcement is established upon the demonstration that (1) the summons was issued for a legitimate purpose, (2) the summoned

data are relevant to that purpose, (3) the data are not already in the government's possession and (4) the administrative steps required for issuance and service have been followed. *U. S. v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *U. S. v. LaSalle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221 (1978); *U. S. v. Wyatt*, 637 F.2d 293 (5th Cir. 1981); *U. S. v. Davis*, 636 F.2d 1028 (5th Cir. 1981). The burden then shifts to the taxpayer to show bad faith or improper purpose. Kerr maintains that the summons has been issued *solely* for a *criminal prosecution*. It is well-settled that this Court may not enforce an IRS summons issued solely to gather information for criminal prosecution. 26 U.S.C. §§ 6402(b) and 7604; *U. S. v. Davis*, 636 F.2d 1028 (5th Cir. 1981); *U. S. v. Harris*, 628 F.2d 875 (5th Cir. 1980). It is not improper for the Court to permit the taxpayer to examine the Internal Revenue Service Special Agent who initiated the summons on the critical issue of good faith. *U. S. v. Joseph*, 560 F.2d 742 (6th Cir. 1977); *U. S. v. Harris*, 628 F.2d 875 (5th Cir. 1980). The Supreme Court has ruled that a § 7602 summons as herein may not be issued *after* the IRS has recommended criminal prosecution to the Department of Justice. *Donaldson v. U. S.*, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580, 592 (1971).

■■ Accordingly, this Court conducted an adversary hearing on September 1, 1981 wherein the sole evidence consisted of the testimony of William E. Beaman (Beaman), special agent of the Criminal Investigation Division of the IRS, both on direct and cross-examination, and four (4) IRS exhibits, the first of which related to the IRS summons and the remainder of which related to a similar judicial proceeding in the United States District Court for the District of Montana. Beaman's testimony established a *prima facie* case for the enforcement of the IRS summons, and such determination was stated for the record. Cross-examination of Beaman by Kerr and Church failed to sustain the allegations that the summons had been issued solely to obtain evidence to be utilized in a criminal

prosecution or was otherwise issued in bad faith. Accordingly, Kerr's motion to dismiss must be and hereby is denied. Further, this Court is possessed with the discretionary authority under Rule 81(a)(3), Fed. R.Civ.P., to limit the conduct of discovery in a summons enforcement proceeding. *U. S. v. Moon*, 616 F.2d 1043 (8th Cir. 1980). Having been presented with no averments that further discovery would be likely to disclose bad faith or an improper purpose, this Court concludes that Kerr's motion for a continuance to permit discovery must also be denied.

■ Intervenor Life Science Church has moved this Court to dismiss this enforcement action pursuant to aducements that the summons is overly broad and that the informational requests constitute an invasion of First Amendment rights to freedom of religion and association. No evidence in support of these propositions was submitted at the September 1, 1981 hearing. The summons, which seeks signature cards, monthly and quarterly statements, deposit slips, cancelled checks, withdrawal slips, loan liability ledgers, financial statements, safe deposit box entry records, photostats of federal tax returns submitted for the purposes of obtaining credit, and other banking transactions, does not appear to be overly broad, nor has Church identified any requests which are not relevant. Although Church nebulously avers that disclosure of the information sought would have a chilling effect on the Church's membership and that "some of these who would otherwise join or contribute to the Life Science Church would be discouraged from doing so for fear of retaliation by IRS", such allegations have not been demonstrated to be anything but frivolous. *Cf: U. S. v. Continental Bank*, Civil No. 78–499 Phx. WPC (Ariz. Oct. 10, 1978). A defense against disclosure founded upon religious objections can find First Amendment support only if disclosure (1) serves to establish religion, (2) impedes free exercise of sectarian conviction, or (3) results in excessive governmental entanglement with religion, *U. S. v. Holmes*, 614 F.2d 985 (5th Cir. 1980), none

of which have been demonstrated herein. The judicial authority relied upon by Church is factually distinguishable from the action *sub judice*. Last, as above, this Court concludes that no continuance should be granted to permit discovery.

 It is last incumbent upon this Court to address the Motion for Stay of Enforcement submitted by Kerr and Church in contemplation of a possible Order adverse to their interests. Discretion to grant a stay in an IRS Summons Enforcement action, which is in the nature of injunctive relief, is governed by four factors: (1) likelihood of success on the merits of the appeal; (2) irreparable injury to the taxpayer; (3) substantial harm to other interested parties; and (4) public interest. *See: U. S. v. Manchel, Lundy and Lessin*, 477 F.Supp. 326 (E.D.Pa.1979). *See also: In re Turner*, 309 F.2d 69, 72 (2d Cir. 1962); *U. S. v. First National State Bank of New Jersey*, 469 F.Supp. 612, 620 (D.N.J.1979); *Williams v. Red Bank Board of Education*, 508 F.Supp. 989, 991 (D.N.J.1981). These principles, when applied to the instant action, dictate that the Motion for Stay of Enforcement should be and hereby is denied. Intervenors have raised no issues either in their answers, memoranda or motions which extend beyond the scope of the issues heretofore addressed at the adversary hearing conducted on September 1, 1981. Accordingly, intervenors have failed to demonstrate likelihood of success on the merits of the appeal since such would merely constitute a re-examination of the contentions which have been fully briefed and found to be frivolous. Further, no irreparable injury will accrue pursuant to intervenors' ability to defend on the merits any civil or criminal tax action which may ultimately be initiated by the IRS. Last, a stay would be contrary to public interest which necessitates expedient resolution of tax litigation: intervenors have already successfully frustrated the impending IRS investigation for over two years.

In accordance with the foregoing: (1) the motions of Kerr and Church to intervene are hereby granted; (2) the motions of Kerr and Church for change of venue are hereby denied; (3) the motions of Kerr and Church to dismiss are hereby denied; (4) the motions of Kerr and Church for a continuance to permit discovery are hereby denied; and (5) motions of Kerr and Church for a stay of enforcement are hereby denied. Defendants City Bank and Burchett are hereby Ordered to comply with the IRS summons forthwith.

IT IS SO ORDERED.