JUDICIAL WATCH, INC., Plaintiff,

v.

NATIONAL ENERGY POLICY DEVELOPMENT GROUP, Defendant.

Sierra Club, Plaintiff,

v.

Vice President Richard Cheney, et al., Defendants,

Nos. CIV.A. 01–1530(EGS), CIV.A. 02–631(EGS).

United States District Court, District of Columbia.

Nov. 13, 2002.

Larry Klayman, Paul J. Orfanedes, Judicial Watch, Inc., Washington, DC, for Plaintiff Judicial Watch.

Roger M. Adelman, David G. Bookbinder, Washington, DC, Patrick Gallagher, Alex Levinson, Sierra Club, San Francisco, CA, for Plaintiff Sierra Club.

Daniel Edward Bensing, David O. Buchholz, Anne L. Weismann, Thomas Millet, Jennifer Paisner, U.S. Department of Justice Civil Division, Federal Programs Branch, Washington, DC, for Federal Defendants.

Howard M. Crystal, Meyer & Glitzenstein, Washington, DC, for Amicus NRDC.

Robert S. Litt, Arnold & Porter, Washington, DC, for Defendant Thomas Kuhn.

Paul Christian Rauser, Williams & Connolly, Washington, DC, for Defendant Haley Barbour.

Richard D. Horn, Bracewell & Patterson LLP, Washington, DC, for Defendant Mark Racicot.

### AMENDED ORDER

SULLIVAN, District Judge.

Pending before the Court is non-agency defendants' motion for a stay of proceedings pending appeal of this Court's October 17, 2002, September 9, 2002, and July 11, 2002 Orders authorizing limited discovery from defendants on threshold issues, and ordering defendants to produce non-privileged documents responsive to plaintiffs' discovery requests, along with a privilege log identifying those documents for which defendants believe there is a valid basis for the assertion of a privilege. Upon careful consideration of defendants' motion, the response and reply thereto, and the relevant legal authority, and for the following reasons, it is by the Court hereby

**ORDERED** that defendants' motion for a stay is **DENIED**.

## I. BACKGROUND

Non-agency defendants move for a stay of, *inter alia,* this Court's October 17, 2002 Order, which requires them, consistent with this Court's August 2, 2002 Order and July 11, 2002 Memorandum Opinion and Order, to respond to plaintiffs' First Set of Interrogatories and to produce by no later than November 5, 2002, non-privileged documents responsive to plaintiffs' First Request for Document Production, along with a log identifying specific documents or particularized categories of documents for which they assert that a privilege precludes production. Defendants seek a stay to pursue an appeal to the Court of Ap-

peals for the D.C. Circuit, on the grounds that this Court's Orders implicate important constitutional and statutory questions that are best resolved by the Court of Appeals before litigation proceeds any further in this case.

## II. LEGAL STANDARD

The following factors are to be considered when determining whether a stay pending appeal is warranted:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. To justify the granting of a stay, a movant need not always establish a high probability of success on the merits. Probability of success is inversely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or *vice versa.*

*Cuomo v. United States Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C.Cir. 1985); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 842, 843 (D.C.Cir.1977). It is "the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Cuomo,* 772 F.2d at 978. This Circuit has recently reiterated that a moving party must satisfy "stringent standards required for a stay pending appeal." *Summers v. Howard Univ.,* Civ. A. No. 02–7069, 2002 WL 31269623 (D.C.Cir. Oct. 10, 2002). Where a moving party fails to establish a substantial case on the merits, and further fails to "demonstrate that the balance of equities or the public interest strongly favors the granting of a stay," a motion for stay is properly denied. *Cuomo,* 772 F.2d at 972.

### A. *Likelihood of Success on the Merits*

Recognizing that this Court has, on numerous occasions, rejected their arguments to this effect, defendants nevertheless continue to assert that Court Orders requiring them to respond in *any* fashion to plaintiffs' discovery requests create an "unconstitutional burden" on the Executive Branch unless plaintiffs are first required to demonstrate "compelling need" for the discovery sought. Defendants have cited no authority, and indeed this Court knows of none, which supports this proposition. To the contrary, every case cited by the defendants in support of their position involved precisely the same procedure adopted by this Court in this case. Moreover, the U.S. Supreme Court has recently confirmed the continued validity of the precedent of long-standing relied upon by this Court in the Orders and Opinions contested by defendants. As recently as 1997, the nation's highest court held

> In sum, "[i]t is settled law that the separation-of-powers doctrine does not bar every exercise of jurisdiction over the President of the United States." ... the Judiciary may **severely** burden the Executive Branch by reviewing the legality of the President's official conduct .... [emphasis added]

*Clinton v. Jones,* 520 U.S. 681, 705, 117 S.Ct. 1636, 1650, 137 L.Ed.2d 945 (1997). Here, as in *Jones,* this Court is of the opinion that defendants "err[ ] by presuming that interactions between the Judicial Branch and the Executive, even quite burdensome interactions, necessarily rise to the level of constitutionally forbidden impairment of the Executive's ability to perform its constitutionally mandated functions." *See Clinton v. Jones,* 520 U.S. at 702, 117 S.Ct. at 1648.

Notwithstanding this U.S. Supreme Court precedent, and the absolute dearth of authority supporting their arguments,

defendants nevertheless contend that requiring them to review documents responsive to plaintiffs' discovery requests, disclose those for which no viable claim of privilege exists, and assert any applicable privileges with respect to specific documents, impermissibly interferes with "core Article II" functions and imposes an unconstitutional burden on the Executive Branch. The Court rejects these arguments and is not persuaded by defendants' assertion that they have demonstrated a likelihood of success on the merits of their appeal of this Court's Orders.

## B. *Irreparable Harm*

Under this Circuit's precedent, the harms to each party are tested for "substantiality, likelihood of occurrence, and adequacy of proof." *Cuomo*, 772 F.2d at 976, 977. The Court must consider the significance of the change from the *status quo* which would arise in the absence of a stay, as well as likelihood of occurrence of the claimed injury, when determining whether defendants have truly met their burden of demonstrating irreparable harm justifying imposition of a stay. *See id.*

The fact of the matter is that the offices of the President and Vice President currently respond to discovery requests on a regular basis, asserting executive privilege with respect to specific requests for particular items when necessary. *See, e.g., Clinton v. Jones*, 520 U.S. at 704, 117 S.Ct. at 1649. Plaintiffs correctly point out that, in the cases cited by the defendants, stays of court orders authorizing discovery against officers of the Executive Branch have been granted only in cases where a court ordered production of a particular document *after* a viable claim of privilege had been made. *See, e.g., Nixon v. Sirica*, 487 F.2d 700, 721 (D.C.Cir.1973)(approving stay of District Court orders either allowing or refusing disclosure of specific documents for which President has made a particularized claim of privilege).

Moreover, it is in fact defendants who seek to change the *status quo* by asking this Court to relieve them of their responsibility to respond to plaintiffs' discovery requests and assert executive privilege where appropriate. Defendants' argument that any "discovery directed at" them imposes an unconstitutional burden on them absent a showing by plaintiffs of "compelling need" represents a dramatic new argument with respect to invocation of executive privilege, and contemplates the wholesale elimination of an entire step in the established discovery processes in this context. Furthermore, defendants themselves concede that, at least in some respects, they are seeking to *expand* the executive privilege, not simply rely on its settled contours. *See* Def.'s Mot. for Stay at 8 (claiming that requiring disclosure of documents which "may not be technically privileged" would nonetheless impose unconstitutional burdens on the Executive Branch).

There is no doubt that, if defendants' premise that compliance with this Court's discovery orders imposes an unconstitutional burden is accepted, defendants would suffer irreparable harm if the proceedings before this Court were not stayed to enable them to seek appellate review of such orders. However, this Court has consistently rejected, and continues to reject, in reliance upon established precedent of long-standing, defendants' central argument, namely that requiring the Vice President and members of the Executive Branch to merely review documents requested by the plaintiffs and assert executive privilege where appropriate, is unconstitutional. Defendants cannot be permitted to manufacture irreparable harm by simply stating a legal principle with no precedential support whatsoever, and then claiming irreparable harm if they believe a court order violates that principle.

Accordingly, there is insufficient likelihood of "irreparable harm" to the defendants to justify a stay. Both the Circuit and the U.S. Supreme Court have approved the very "harm" defendants point to: discovery procedures in which a request for documents from a member of the Executive is made in the context of judicially supervised discovery, the document is either produced *or* a privilege is asserted with respect to the document, and, in the latter case, the party seeking the document must demonstrate that the public need for the document outweighs the interests underlying the privilege in order to obtain production of the document. *See, e.g., Clinton v. Jones,* 520 U.S. at 704–05, 117 S.Ct. 1636; *In re Executive Office of the President,* 215 F.3d 20, 22, 24 (D.C.Cir. 2000); *Dellums v. Powell,* 561 F.2d 242, 247, 248 (D.C.Cir.1977); *see also Nixon v. Administrator of General Services,* 433 U.S. 425, 439–455, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977).

### C. *Public Interest*

Conversely, the harm to both the plaintiffs and the public of granting the stay is substantial, likely, and adequately proven. As plaintiffs point out, Congress, Executive agencies, and the public have been debating the energy policy developed by defendants without the benefit of the information sought by plaintiffs in this case. In some instances, final actions have already been taken. As time proceeds, the value of the information sought by plaintiffs and the public declines substantially, thereby effectively denying plaintiffs the relief to which they contend they are entitled. Additionally, both Congress and the Judicial Branch have recognized the public interest in avoiding "piecemeal" litigation occasioned by stays and interlocutory appeals. *See, e.g., United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Therefore, upon balancing of relevant factors, this Court concludes that there exists no factual or legal predicate for granting defendants a stay pending appeal. Accordingly, defendants' motion for stay pending appeal is hereby **DENIED**; and it is

**FURTHER ORDERED** that defendants' alternative motion for an extension of time in which to respond to plaintiffs' first request for document production is **GRANTED**; and it is

**FURTHER ORDERED** that defendants shall fully comply with this Court's outstanding Orders by no later than November 29, 2002.

Additionally, pursuant to the hearing held on defendant's motion for stay on October 31, 2002, and for the reasons given in open court, it is by the Court hereby

**FURTHER ORDERED** that plaintiffs shall file their response to defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) by no later than **November 6, 2002** and defendants shall file their reply by no later than **November 8, 2002**; and it is

**FURTHER ORDERED** that defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) shall be considered at the currently scheduled **November 13, 2002** hearing on all pending motions; and it is

**FURTHER ORDERED** that plaintiffs shall file a reply in support of their motions to compel by no later than **November 7, 2002**; and it is

**FURTHER ORDERED** that the Order of Court dated November 1, 2002 is **VACATED** and superseded by this amended Order, with technical revisions only.