**UNITED STATES of America, Petitioner,**

v.

**JUDICIAL WATCH, INC., Respondent.**

**No. MISC. A. 02–144 (ESH).**

United States District Court, District of Columbia.

Jan. 23, 2003.

Stuart David Gibson, U.S. Attorney's Office, Washington, DC, for Petitioner.

David Barmak, Joanne B. Jarquin, Mintz, Levin, Cohen, Ferris, Glovsky & Popeo, P.C., Reston, VA, for Respondent.

### *MEMORANDUM OPINION*

HUVELLE, District Judge.

On December 11, 2002, after extensive briefings, oral argument, and petitioner's filing of affidavits and production of more than 1,000 documents, this Court entered an ordered enforcing an Internal Revenue Service (IRS) summons against respondent, Judicial Watch, Inc., pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 7402(b) and 7604(a). *United States v. Judicial Watch,* Misc. No. 02–144 (D.D.C. Dec. 11, 2002). On January 16, 2003, respondent filed the instant motion to stay the enforcement of this Order pending its appeal to the United States Court of Appeals for the District of Columbia Circuit. For the reasons discussed below, respondent's motion is denied. The Court, however, will stay enforcement of its Order until February 10, 2003, to allow respon-

dent to seek a stay pending appeal from the Court of Appeals.

■ A district court may grant a stay pending appeal pursuant to Fed.R.Civ.P. 62(c) upon a showing by the applicant (1) of a likelihood of success on the merits; (2) that it will be irreparably harmed if a stay is not granted; (3) that a stay will not injure any other parties to the lawsuit; and (4) that the stay furthers the public interest. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Cuomo v. U.S. Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C.Cir.1985). Indeed, in a case involving this respondent, the Court recognized that a stay is an "extraordinary remedy" and the moving party must satisfy "stringent standard[s]" to justify a stay pending appeal. *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 230 F.Supp.2d 12, 14 (D.D.C.2002). Here, respondent has failed to satisfy these standards.

■ First, respondent has failed to demonstrate a likelihood of success on the merits. Judicial Watch has offered no new arguments in its motion, but rather it rehashes arguments that have been rejected in multiple forums [1]—that the IRS initiated an audit of Judicial Watch for an illegal, political purpose and that the summons is retaliatory, unconstitutional and overbroad. This Court thoroughly addressed and rejected respondent's arguments in its December 11, 2002 Memorandum Opinion and respondent has failed to provide any reason for the Court to change its conclusion.

In addition, Judicial Watch is incorrect in its argument that it was denied discov-

---

1. The Treasury Inspector General investigated and rejected Judicial Watch's claim that it was improperly singled out for audit on two occasions; a Congressional Joint Committee on Taxation investigated and found no evi-

dence to support Judicial Watch's allegation that the IRS targeted conservative organizations for heightened scrutiny; and this Court also rejected these arguments.

ery to which it was entitled. In making this argument, Judicial Watch persists in ignoring the well-established principle that an IRS summons enforcement is a summary proceeding, and this Circuit's law governing discovery in such a proceedings is clear. *See United States v. Fensterwald,* 553 F.2d 231 (D.C.Cir.1977); *SEC v. McGoff,* 647 F.2d 185 (D.C.Cir.1981). Here, the Court ordered broader discovery than was ordered in *Fensterwald* by requiring the government to file several affidavits of key IRS officials and to produce all documents that related in any way to the audit of respondent.[2] *See United States v. Fensterwald,* 1978 WL 1155, *1 (D.D.C. Feb. 21, 1978) (permitting ten interrogatories). Based on this extensive discovery, the Court concluded that no further discovery was warranted. There is, thus, no legal or factual basis for respondent's claim that it is entitled to full-blown discovery or an evidentiary hearing. Moreover, it is presumptuous for Judicial Watch to argue for a stay based on its prediction that it will prevail in an appeal now pending in the Fourth Circuit.[3]

Second, the irreparable harm that respondent alleges is not sufficient to support a stay. "Under this Circuit's precedent, the harms to each party are tested for 'substantiality, likelihood of occurrence, and adequacy of proof.'" *Judicial Watch v. Nat'l Energy Policy Dev. Group,* 230 F.Supp.2d at 15 (quoting *Cuomo,* 772 F.2d at 976–77). Respondent here, like the defendants in the *National Energy* case, asserts that compliance with the Court's Order would impose an unconsti-

tutional burden and that they would suffer irreparable harm if enforcement were not stayed pending appeal. However, as recognized by the Court in *National Energy,* "[d]efendants cannot be permitted to manufacture irreparable harm by simply stating a legal principle with no precedential support whatsoever, and then claiming irreparable harm if they believe a court order violates that principle." *Id.* Similarly, in the matter before the Court, Judicial Watch bases its claim of irreparable harm on an argument that the Court has already rejected. The Court acknowledges that once disclosed, the information provided to the IRS cannot be returned to its preproduction status. However, if the audit is found improper on appeal, other remedies are available. For instance, Judicial Watch's right to appeal will not be denied as moot due to its compliance with an order enforcing an IRS summons. *Church of Scientology of California v. United States,* 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). "While a court may not be able to return the parties to the *status quo ante* ... a court can fashion some form of meaningful relief in circumstances such as these." *Id.* at 12–13, 113 S.Ct. 447 (an appeal does not become moot if a summons is improperly issued or enforced, for a court could order IRS to return tapes). Moreover, even if respondent could show irreparable harm, which it cannot, "[i]t is undisputed that the taxpayer must also show he has a meritorious appeal to warrant granting a stay." *United States v. Ferndale Co-op Credit Union,* 1982 WL 1679, at *3 (E.D.Mich. June 21,

---

**2.** All documents were reviewed by the Court, and the vast majority were provided to respondent. Only personal identifiers and personal information was redacted and privileged documents withheld. *See United States v. Judicial Watch,* Misc. No. 02–144, Orders (D.D.C. July 9, 2002 and September 20, 2002).

**3.** Judicial Watch's argument is also nonsensical since the *Bivens* action in Maryland will in no way determine the outcome in this case. Nor did this Court's holding here depend on Judge Nickerson's opinion in *Judicial Watch, Inc. v. Rossotti,* 217 F.Supp.2d 618 (D.Md. 2002).

1982). Since Judicial Watch has failed to show that it has a meritorious appeal, any arguable showing of irreparable harm is insufficient.[4]

Finally, the interests of justice weigh heavily against granting a stay. This audit was authorized more than five years ago. As this Court noted, "the audit has been delayed for many years ... The delay cannot be permitted to continue." *United States v. Judicial Watch*, Misc. No. 02–144, at 34 (D.D.C. Dec. 11, 2002). Further delay will only interfere with the ability of the IRS to conduct its audit. As time passes, memories of relevant events will fade and documents will be lost or destroyed. In addition, the statutes of limitation may expire while an appeal is pending. Most significantly, the public has a strong interest in the prompt completion of tax audits and investigations. *See United States v. City Bank*, 527 F.Supp. 523, 526 (N.D.Ohio 1981) (the public interest "necessitates expedient resolution of tax litigation" where "intervenors have already successfully frustrated the impending IRS investigation for over two years"). Summons enforcement proceedings are intended to be summary in nature. *United States v. Stuart*, 489 U.S. 353, 369, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989). The proceedings here have been just the opposite. No one, including Judicial Watch, is immune from audit, and if anything, the public has an interest in having the IRS perform its job.

Significantly, Judicial Watch has not cited a single case where a stay pending appeal has been granted by a district court in an IRS enforcement proceeding. Rather, it cites three cases where the district court granted a short stay to provide the taxpayer with an opportunity to seek a stay pending appeal from the Court of Appeals. *See United States v. Stuckey*, 646 F.2d 1369, 1373 (9th Cir.1981); *Ferndale Co-op Credit Union*, 1982 WL 1679, at *3; *United States v. Combank/Casselberry*, 1979 WL 1298, at *2 (M.D.Fla. January 6, 1979). Applying the rationale of those cases here, the Court refuses to stay its Order except that it will provide respondent with an opportunity to seek a stay from the Court of Appeals by staying enforcement of its Order until February 10, 2003.

## ORDER

It is hereby **ORDERED** that Respondent's Motion to Stay Enforcement Pending Appeal [58–1] is **DENIED**; it is

**FURTHER ORDERED**, that the Court's December 11, 2002 Order is stayed until February 10, 2003 to permit respondent to seek a stay pending appeal from the Court of Appeals.

**SO ORDERED.**

---

4. Respondent relies on *Chamber of Commerce v. Reich*, 897 F.Supp. 570 (D.D.C.1995) to emphasize the importance of the issue of irreparable harm and suggest that they need not establish a high probability of success on the merits in order to justify a stay. However, that case explains that in weighing the factors, the "[p]robability of success is inversely proportional to the degree of irreparable injury evidenced." *Id.* at 584 (citing *Cuomo*, 772 F.2d at 974). Here, respondent has not demonstrated irreparable harm.